MR Samuel E. Austin
1370 tersk court
Patterson, Ca, 95363
510-626-7750
In pro-se:



FILED
JUN -7 2017
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

SAMUEL E. AUSTIN )
    PLAINTIFF, )
 ) CV 17 3284
VS. )
 ) INTENTIONAL DISCRIMINATION IN
 ) EMPLOYMENT.
 )
CITY OF OAKLAND,PUBLIC WORKS, )
MANAGER DARIN MINOR,MARCO TORRES, )
EVERETT CLEVELAND,ROSLYN RATLIFF, )
JEMEA JEFFREY,HUMAN RESOURCE )
MANAGER YOLANDA LOPEZ,DEBBIE )
CORSO. EMPLOYEE and LABOR RE- )
LATION MANAGER KIP WALSH, and )
ADAMA WILSON. ADMINISTRATOR )
EQUAL OPPORTUNITY PROGRAM DIVISION )
BARBARA A.SYLVESTER. CITY ATTORNEY )
OFFICE BARBARA J. PARKER,and SELIA M. )
WARREN. OAKLAND POLICE DEPARTMENT )
DEPUTY CHIEF, JOHN LOIS. LOCAL 1021 )
SERVICE EMPLOYEES INTERNATIONAL )
UNION,STEVE PITOCCHI,DWIGHT McELROY,)
And SHELIA STOGLIN,CITY MANAGER )
OFFICE, ASSIST MAYOR Sabrina Landreth )
CITY OF OAKLAND,employer, employees, )
Organization, individual and in their official )
    DEFENDANT(S). )
_____)

I. Pursuant to TItle VII of the Civil Rights Act of 1964. Discrimination/ Harassment.
II. Pursuant to Title VII, the Americans With Disabilities Act of 1990. failure to Accommodate.
III. Pursuant to Title VII of the Civil Rights Act of 1964. Sexual Harassment in workplace.
IV. Pursuant to Title VII of the Civil Rights Act of 1964. Retaliation for Participation in Protected Activities in violation of the Statutes.

   Comes now, Plaintiff, Mr. Samuel E. Austin, Plaintiff in the above title VII of the Civil Rights Act of 1964 complaint, against defendant(s), each of them, alleges as follows:
1. Plaintiff resides at: 1370 tersk court, patterson,Ca. 95363. Phone number: 510-626-7750.
2. Defendant(s) is Located at: 1 Frank H. Ogawa Plaza, Oakland,Ca. 94612. EMPLOYER EMPLOYEES, and ORGANIZATIONS.

1.

JURISDICTION

3. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 u.s.c. section 2000e, 2000e5 Intentional Discrimination In Employment,ADA act 1990 as Amended, 29 C.F.R 1605(e) Retaliation 1st amendment, protected grievance.

PARTIES

5. At all times herein mentioned defendants, CITY of OAKLAND,[OAKLAND PUBLIC WORKS]. BUILDING MANAGER,Darin MINOR., COMPLEX, MANAGER, Marco TORRES., SUPERVISOR 1. Everett CLEVELAND., ACTING SUPERVISOR Roslyn RATLIFF.,and custodian Jemea JEFFREY, were City of Oakland [OAKLAND PUBLIC WORKS] employees.

6. At all times herein mentioned defendants, CITY of OAKLAND,[HUMAN RESOURCE]. MANAGER Yolanda LOPEZ, and representative Debbie CORSO, were City of Oakland[ HUMAN RESOURCE] employees.

7. At all times herein mentioned defendants, CITY of OAKLAND and [LOCAL 1021 SERVICE EMPLOYEES INTERNATIONAL UNION] representative. Steve PITOCCHI, McELROY, and STOGLIN, were City of Oakland EMPLOYEES and ORGANIZATIONS.

8. At all times herein mentioned defendants, CITY of OAKLAND,[EMPLOYEE and LABOR RELATION], MANAGER WALSH, SENIOR ANALYST WILSON,and McELROY were City of Oakland[EMPLOYEE and LABOR RELATION] employees.

9. At all times herein mentioned defendant, CITY of OAKLAND, [ADMINISTRATOR EQUAL OPPORTUNITY PROGRAM DIVISION], SPECIALIST SYLVESTER were City of Oakland,[E.O.P.D.] employee.

10. At all times herein mentioned defendants, CITY of OAKLAND, [CITY ATTORNEY OFFICE] ATTORNEY Barbara PARKER,DEPUTY Selia WARREN,were City of Oakland, [OFFICE OF ATTORNEY] employees.

11. At all times herein mentioned defendant, CITY of OAKLAND, [OAKLAND POLICE DEPARTMENT] DEPUTY CHIEF John LOIS were City of Oakland, [OAKLAND POLICE DEPARTMENT] employee.

12. At all times herein mentioned defendant, CITY of OAKLAND, [CITY ADMINISTRATIVE MANAGER OFFICE], ASSIST MAYOR Sabrina LANDRETH, were City of Oakland, [ADMINISTRATOR MANAGER OFFICE] employee, and in doing the things describe were

acting within the course and scope of their employment. They are sued in their individual and official capacities.

13. At all times herein mentioned, each of the defendants was agent,employer, employees, organizations; and co-conspirator of the remaining defendants, and was acting within the course and scope of said agency, employment, and conspiracy.

Count I- Violation of Civil Rights
[ INTENTIONAL DISCRIMINATION IN EMPLOYMENT ]

14. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 13 as if set forth herein.

15. I was hired by respondent City of Oakland, Oakland Public Works Department, On or about March 2, 2013. May In the position of Custodian. My immediate supervisor is Everett Cleveland

16. On or about January 27, 2016, Plaintiff attempt to access supervisor office to complete payroll time-card. Had been instructed to do so by supervisor Cleveland by way of text message on 2/26/2016, acting supervisor Roslyn Ratliff denied Plaintiff access into office to use computer.

17. On or about January 28, 2016, Plaintiff reported to supervisor 1. Cleveland that the acting supervisor denied me access into your office to complete payroll time-card. I requested for Cleveland to speak with ms. Ratliff.

18. On or about February 2, 2016, Plaintiff was called into Human Resource for allegedly threats against ms. Ratliff. Plaintiff was threaten with disciplinary reprisals if Plaintiff refused to write a statement,Plaintiff submitted a written statement to Human Resource and supervisor cleveland within thirty minutes. A few hours pass by, Cleveland and Human Resource Lopez, requested that Plaintiff change statement, Plaintiff refused to alter statement. Defendants falsified Allege threat or foul language statement against when Plaintiff. Plaintiff felt something wasn't right, Plaintiff requested an Investigation within (His) STATEMENT.

19. On or about February 2, 2016, Plaintiff contacted,defendant [S.E.I.U]. Union Representative Stoglin. Plaintiff report the adverse actions of Cleveland and Human Resources demands and threats of disciplinary course of actions against Plaintiff. Plaintiff "produced a copy" of the report, Plaintiff REQUESTED the UNION to INVESTIGATE," [ Local 1021 Union failed to represent Plaintiff, the unit member]" Having knowledge yet fail to act. [April 20,2016. Plaintiff discovered from ms. Stoglin, Cleveland Confiscate the REPORT].

20. In or about February,2016, Plaintiff had meeting in the 150 build 1 frank H ogawa Plaza with the City of Oakland[ Employees Relations Director] Ms. Renee Mayne, who at that time introduce Plaintiff to[ Senior Analyst] Adama Wilson, in which plaintiff again submitted documents to investigate the above arbitrary adverse actions of defendants.[ Employee and

3.

Labor Relation fail to act in Plaintiff behave after having knowledge of misconduct]. Afterwards Ms. Rene informed Plaintiff that she would be retiring in August, 2016.  ms. Mayne and plaintiff talk about our 2015 New born granddaughter's, each time we see each other.

22. On or about March 29, 2016, defendant, City of Oakland, office of Administrator, presented Plaintiff with a letter of Commitment and Hard work for the community and City , then Awarded plaintiff with Mezzanine Suit Playoff Warrior ticket.  At this point in time The defendants begin to harassment, discrimination, Retaliation,Sexual harassment,[ documented falsification statements], Threats of disciplinary reprisals, then disciplinary course of actions at an extreme level termination of plaintiff employment

23. On or about April 5, 2016, Plaintiff had a meeting at 250 build conference room with Local 1021 S.E.I.U. representative Steve Pitocchi, regarding the above arbitrary adverse action of defendants. After retaining the key to the conference room from Minor office.   Pitocchi demanded Plaintiff forget about my complaint(s), If I want to keep my Job.

. 24. On or about April 12, 2016, around 1:30pm, Plaintiff was again accused by  Ratliff for threat This time allegedly threats regarding a bag of [recycle cans], Plaintiff was approach by Minor and Cleveland, questioned and accused by THREE individuals in one day, falsified threats by Minor,Cleveland and Ratliff. Earlier around 10am Minor called Plaintiff and Co-works Ricky Shelby into Minor office, Building Manager requested to know if either Employees have any knowledge as to who place the cans by Complex Manager car, Plaintiff and co-worker shelby stated, [No we both have No knowledge], prior to Minor And Cleveland Approaching Plaintiff.

Defendant(s) intentional discrimination against Plaintiff by filing Three false threat charges, in attempt to build a pattern of workplace violence acts against the Plaintiff Austin. Minor did state to Plaintiff I Got to look out for my family,Plaintiff stated what about my Family.  Plaintiff informed defendant(s) You have under estimated Plaintiff. I am Mr. Austin, my Civil rights are being Violated. Defendants confiscated Plaintiff access card to enter into all Three Frank H. Ogawa building. Intentional discrimination against Plaintiff, Ricky Shelby stayed in possession of his card to enter the buildings. Intentional discrimination in employment.

25. On or about April 20, 2016, Plaintiff was order to submit another written incident statement report to (O.P.W.), Oakland Public Works, and Human Resource. Upon submitting Statement Plaintiff question [Human resource manager] defendant lopez. Plaintiff wanted to know what happen with the february 2, 2016, report Plaintiff requested an investigation.
Lopez stated, Plaintiff complain to much and do not follow instructions. The February 2, 2016, statement was never turned into Human Resource]. ["Plaintiff then asked ms. Lopez is it true, Human Resource, ask City Employees to change (alter)  investigations statements,Human Resource Manager, LOPEZ Stated "YES" we do in some cases]. If statements do not match, Plaintiff informed Lopez of the above arbitrary adverse conduct, that you this administration is in Violations of Plaintiff Due process Rights of the 14th amendments.

4.

26. On or about April 20, 2016, Plaintiff then proceed to contact Local 1021 S.E.I.U. representative Shelia Stoglin, who at that time inform Plaintiff, [supervisor Cleveland came to ms. Stoglin the very same day, and [CONFISCATED] the COPY of Plaintiff incident report delivered On or about February 2, 2016, Local 1021 S.E.I.U for a complaint. Cleveland adverse action constitute Intentional discrimination in employment

27. On or about April 27, 2016, Plaintiff Austin retrieved a copy of the January 27, 2016 incident statement report from Plaintiff Home. Plaintiff then proceeded to Building Manager Minor office 250 building Frank H. Ogawa Plaza. Plaintiff then informed of all the above arbitrary adverse actions defendant Minor Demands to Plaintiff " As Your Supervisor I am ORDERING you give me a copy of the document in your hand Austin. Plaintiff complied to the order, [Plaintiff did not want receive disciplinary reprisals]. Minor Stated Cleveland Forgot to turn the February 2, 2016 report into Human Resource, and ms. Stoglin the S.E.I.U representative gave cleveland the report because, Plaintiff apologize to mr. Cleveland. (see Plaintiff report 4/20/16)

28. On or about may, 9, 2016, defendant wrote Plaintiff a reprimand- insubordination & Inappropriate Behavior, towards acting supervisor ms. Roslyn Ratliff States, Page (3). Paragraph (3). line (3). States in part" "In addition, the [Plaintiff] continue to act disrespectful towards the acting supervisor, the[Plaintiff] [do not communicate with her at all], the [Plaintiff] [avoid her] defendant ms. [Ratliff], and you do not follow her instructions. Defendant Ratliff further states, Plaintiff see's defendant Ratliff coming in Plaintiff direction, Plaintiff goes the opposite direction. Intentional discrimination in employment when insubordination & inappropriate behavior statement of ms. Ratliff contradict a testimony statement within a workplace violence Order, Declaration against Plaintiff case no: RG1683771 February 21,2017.
  In that court order Ratliff states: Plaintiff [STALKER] the defendant Ratliff states: [observed Plaintiff in my area, watching me making his presence known to me] . Defendant Ratliff further state, [Plaintiff also seemed to goes out of his way to make sure [he] was close to[ me], even when our walking path would not naturally cross. Intentional Discrimination, with both perjury testimony, one in court, including sworn declaration in workplace violence order. Defendants City of Oakland further discriminated against plaintiff by the above May 9,2016 false written reprimand, to cover-up the falsified allegation of threats against plaintiff from three Management officials in one day.

29. On or about May, 19, 2016, Plaintiff receive threats of disciplinary reprisal from defendant Cleveland, who called Plaintiff stating "I heard you was in 150 building", at the Frank H. Ogawa Plaza. Plaintiff is [NOT ALLOWED TO ENTER] into 150 building,nor City Hall from Cleveland supervisor 1. Plaintiff reported the above to Complex Manager Marco Torres. Plaintiff also request defendants to place the reason why in written, Plaintiff requested for defendant(s) to put it in writing the reason Plaintiff is not allowed to enter the Public Buildings. Plaintiff stated, I am a tax Paying Citizen, a registered voter, and a City employee. Plaintiff informed the defendant your action are Intentional discrimination in employment against Plaintiff . (see Plaintiff report)

30. On or about May, 25, 2016, at 1:30 pm Defendant [Minor] Building Manager, appeared on the back loading dock's 250 building, frank ogawa plaza. Plaintiff expressed a concerns relating to the Fact ms. Ratliff being present four hours each and everyday at Frank H. Ogawa plaza. the last past week and a half, for about Four (4) hours a day [where Plaintiff is assigned], Ratliff was Relocated to Library for allege False Threat Allegations. Intentional discrimination in employment against plaintiff.

31. In or around May, 2016, Plaintiff had appointment with the Assist to The Mayor of the City of Oakland defendant Ms.Sabrina Landreth, Plaintiff produce documentation copies of the above arbitrary adverse misconduct of the Defendant(s), requesting investigation into misconduct.The assist Mayor Sabrina Landreth,Having full knowledge of intentional discriminations and deliberate indifferences against Plaintiff. Defendant Landreth, refused to intervene on the part of Plaintiff to protect the civil rights of it's City of Oakland Employees.

32. At all times herein mentioned defendants Darin Minor, Torres, Cleveland, Ratliff, Lopez, Corso, wilson were Employer, Employees, and Organization of the City of Oakland and in doing the things hereafter described were acting in the course of their employment. They are sued in their individual capacity

33. At all times herein mentioned each of the defendants was the agent, employee worker, and co-conspirator of the remaining defendants, and was acting within the course and said scope of said agency, employment, and conspiracy.
Denying plaintiff 14th amendment Constitutional due process right to have plaintiff complaints

addressed at the outset . Defendants discriminatory to the right of plaintiff ' [Liberty of Property of interest]. It Shall be an unlawful practice for an Employer Agency,  Employer, and Labor Organization, to discriminate, assisted, or participated in any manner in an investigation, proceed, or hearing.

34. The foregoing acts of defendants were done maliciously and with conscious and reckless disregard for the rights of plaintiff, and were intended to punish, injure and oppress him. Said acts were ratified by defendants, [Oakland Public works] MINOR, TORRES, CLEVELAND, RATLIFF. [HUMAN RESOURCE], LOPEZ and CORSO. defendant [Employee and Labor Relation], employees organization,defendant WILSON.. By reason thereof, the individual defendants are each liable to plaintiff for punitive damages in proof accordingly.

Count II. Violation of ADA  civil Rights Act of 1990, as amended.
[29 CFR 1605.2-Reasonable Accommodation without undue Hardship]
As required by section 701(j) title VII civil right Act
Intentional Discrimination in Employment for Participation
In Protective Constitutional Activities

6.

35. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 34 as if set forth herein.

36. At all times herein mentioned, each of the defendants was the agent, employee, and co-conspirator of the remaining defendants, and was acting within the course and scope of said agency, employment, and conspiracy.

37.     After a employee or prospective employee notifies the employer or Labor organization to reasonable accommodation, the employer or Labor organization Has an obligation reasonable accommodate the individual[ defendants] Local 1021 representatives Steve Pitocchi, Dwight McElroy,denied plaintiff his constitutional right to participation in protected activities.Defendants] refusal to accommodate is justified only when an employer or Labor organization can demonstrate that an undue hardship would in fact result from each available alternative method of accommodation. A mere assumption that many more people, with the same request as the person being accommodated, may also need accommodation is not evidence of undue hardship.

38.    Plaintiff is Disabled in or around about March, 2016, Plaintiff a request a reasonable accommodation from [defendant] City of Oakland, [Oakland Public Works]buildings Manager mr. Minor, to have a chair on site when plaintiff was working that plaintiff could sit on, [due to supervisor 1.Cleveland, and acting supervisor Ratliff] continue to remove taking the one chair plaintiff  would used, and toss my chair in the dumpster. On tuesday August 2 ,2016, Plaintiff infront of City Hall Requested defendant [COMPLEX MANAGER] Torres, if he could speak possibly speak to with ms Ratliff to back up off [plaintiff] me sir. Defendant Torres responded that Plaintiff just threaten Roslyn Ratliff, with the above words " [Can you tell [her] defendants Ratliff, to back up off me]. Plaintiff stated to mr. Torres YOU people seem to under estimated Austin [plaintiff].  Another co-worker has a disability on the [outside plaza crew] mr. Cooper, [his Allowed a chair  for his disability.

   Defendants denied plaintiff's request by posting a memorandum in all the plaza buildings. The memo states "[ It was brought to my attention regarding the use of chairs in the work areas. [No chairs allowed] in custodian closets/locker nor equipment  area.  Plaintiff used daily, The very same area were mr. Cooper place's his chair to sit on.

39.   On or about April 5, 2016, Defendants  [Steve Pitocchi] fields representative Local 1021 S.E.I.U. union, and [plaintiff] had a meeting at 250 building conference room, regarding the arbitrary adverse actions of defendants.  After mr. Pitocchi return from mr. Minor office with the key to enter the conference room Pitocchi demanded, plaintiff to forget about the hole  thing before [plaintiff lose his Job] . Plaintiff informed defendants Local 1021 Pitocchi] Union

representative of[ Plaintiff ADA status]. Defendants [local 1021 S.E.I.U] representative, Out right over looked plaintiff Request, defendant [Pitocchi] only concern at that time was if plaintiff had any more incident statement report, and to forget about everything or plaintiff will lose his job. Defendants [Local 1021 S.E.I.U.] Labor organization has an obligation to reasonably accommodate the individual.defendants Pitocchi intentional discriminate against plaintiff civil rights in violation of the American with disabilities act of 1990, as amended 29 C.F.R 1605.2-Reasonable Accommodations, without undue hardship as required by section 701 of title VII Act of 1964. in violation of the statutes.

40.  On or about June16, 2016, [plaintiff file a preliminary complaint of discrimination] Allege Ing disability and Retaliation complaint against [defendant]  Cleveland, Ratliff, torres and Minor. E.O.P.D violated plaintiff rights by failing to act on behalf to secure the grantee rights of plaintiff Participation in constitutional protected activities in employment, of the statutes.

41.  On or about july 5, 2016, defendants,[equal opportunity program division], Barbara sylvester setup a meeting with herself, plaintiff, and Dwight McElroy Local 1021 S.E.I.U. representative.

42.  On or about july, 18, 2016,[ defendant], equal opportunity program division;employees discriminated against plaintiff by denied plaintiff, has constitutional participation protective activities rights protected by ADA statutes.[defendant] specialist [sylvester], response to plaintiff's complaint is as followed: [Since EOPD does not have jurisdiction of your claims, your file was forwarded to Dwight McElroy of local 1021. Mr. McElroy will be handling this matter on your behalf]. After a employee or prospective employee notified the  employer or labor organization to reasonable accommodation, the employer or labor organization has an obligation to reasonably accommodate the individual. The foregoing acts of defendants were done maliciously and with conscious and reckless disregard for the rights of plaintiff, and were intentional discriminatory to prevent plaintiff complaints from [moving forward]. In that, to give the defendants CITY of Oakland,[City Attorney Office] time to falsify  threat or workplace violence order against plaintiff.

43.  On or about October 19, 2016 defendant [Dwight McElroy] local 1021 union representative [text plaintiff] as follows: [Good morning Samuel. You have told me you have a disability a couple times. Have you made the city aware of this issue. I have concern about bringing it into play at this late date, but need to know what your thinking is on bringing it up during are meeting].

44.  On or about september 13, 2016 plaintiff, filed Sexual harassment in complaint at defendant [Equal opportunity program division],[Defendants] employee,Barbara sylvester substantiated plaintiff complaint on or about October 25, 2016. [Defendant states as follows]: E.O.P.D was able substantiate your claims and determine that ms. Jeffrey violated

8.

administrative Instruction 71. As a result, the City will take appropriate action regarding the findings in this investigation. [Sexual explicit text messages].

45. The defendants,[defendants], [City of Oakland], employer, employees and labor organization. separately and in concert, and while acting under scope of employment. Each knowingly, willfully with gross negligence and in wanton, reckless, Intentional discrimination in my employment to the rights of plaintiff, allowed or arranged or committed depriving plaintiff of the rights, privileges and communities secured by the title VII of the Civil Rights Act of 1964. The Americans with disabilities act of 1990,as amended, including the right to substantive due process, the right to be free from intentional discrimination in my employment,free discrimination for making charges, testify, assisting, or participation in enforcement proceedings. Plaintiff has the right not to be discipline, nor to be punishment, Retaliated against by defendants for Participation in protective activitities, secured by ADA Status.

46. At all times mentioned herein, each of the defendants was the agent, employee, and co-conspirator of the remand defendants, and was acting within the course and scope of said agency employment, and conspiracy. [Defendants public works],Minor, Torres, Cleveland, Ratliff, and Jeffrey intentional Discrimination in my employment against plaintiff ADA Status in violation of the American with disabilities Act.

47. The foregoing acts of defendants were done egregious maliciously and with wanton conscious and reckless disregard for the rights of plaintiff, and were to punish, injure and oppress him. Said act were ratified by defendants [City of Oakland], [Public Work], Minor, Torres, Cleveland, Ratliff, and Jeffrey. [Defendant Equal Opportunity Programs Division], employee defendant, Sylvester. By reason thereof, the individual defendants are each Liable to plaintiff for punitive Damages in the amount according to proof.

Count III.  Violation Civil rights act of 1964.
U.S. title VII of the civil rights of 1964
Sexual harassment in the workplace.

48. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 46. As if set forth herein.

49. On or About September 13,2016, Defendant, City of Oakland, Public Works,defendant employee [Jeffrey] Sexual harassed plaintiff by text comments on City of Oakland cell phone. Defendant Sexual harassment consists of unwelcome sexual advance,violation of title VII, in request for sexual favor, or other verbal and physical acts of a sexual or sex-based nature. Defendants Jeffrey text message state as follows: ["Y'all can keep ridin each other dicks, I dont fuck, with dick suckers"].

50. Plaintiff was out on the 250 frank H. Ogawa Plaza loading dock under the camera talking With Oakland, Parks and recreation supervisor Fred, when defendant Jeffrey approach plaintiff

10.

and supervisor Fred , using foul threatening language, as if defendant Jeffrey was about to assault the plaintiff. supervisor Fred step infront of defendant Jeffrey to prevent her aggressive pursuit.

51. On' or about September 27, 2016, [defendant] Public Works, Manager Minor. Request for the [plaintiff] to meet him in 250 building conference room. [Defendant], Minor begin accusing plaintiff of threats and violence once again. this time threat against the [defendant] Jeffrey, who text, [plaintiff] the sexual explicit comments, on the city issued phone. Allegedly Minor receive a report from Minor [best friend] wife, co-worker Tanya Applon, statement against plaintiff who has a supervisor as a witness. [Defendant], Minor did then and their question supervisor fred, and fred conformed [plaintiff] account of the incident, Supervisor Fred personally approached [plaintiff] and reveal he did speak with Building Manager Minor about the confrontation and the supervisor's assistance at that time.

52. Defendants Minor, Having knowledge of the sexual harassment in workplace, refused information, fail to act upon it, as stipulate in Administrative AI 71. Defendant Minor only interest was to build false threat charges on plaintiff character. Defendant, Minor truly not realizing, [virtue is of a greater principle]. defendant, Minor is in violation of his duties to report unprofessional misconduct when receiving the information. Defendant only interest was to make it his mission to terminate plaintiff employment. By building a track record of FALSIFIED threats against plaintiff.

53. Defendants,City of Oakland, Public Works, employees, separately and in concert, and acting in scope of employment, each knowingly, willfully, with gross indifference and wanton reckless intent to the rights plaintiff, allowed or arranged or committed Sexual Harassment unwelcome advance upon the plaintiff and were intentional indifference to plaintiff male Sex. his medical condition, thereby depriving plaintiff of the rights, privileges and communties secured by the First and Fourteenth nor Amendments to the United States Constitution, including the right not to be subjected to summary disciplinary, nor to be a [Fall-Guy], set up for Termination attempts.

54. At all times herein mentioned, each of the defendants was the employees, co-conspirator of the remaning defendants, and was acting within the course and scope of said agency, employment, and conspiracy.

55. The foregoing acts of defendants were done maliciously and with conscious and reckless disregard for the rights of plaintiff, and were intended to punish, injure and oppress jim. Said acts were ratified by defendants Minor, and Jeffrey. By reason thereof, the individual defendants are each liable to plaintiff for punitive damages in an amount according to proof.

             Count IV. Violation civil rights Act of 1964
                  Retaliation:  first amendment
                       Filing Grievances
                              11.
56. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 55 as if set forth herein.

57. On or about february,2 ,2016, defendants [City of Oakland], [Public Works] Darin Minor, Everett Cleveland, Roslyn Ratliff, Retaliated against plaintiff for complaining to supervisor cleveland, regarding acting supervisor Ratliff denying plaintiff access into supervisor office in order to complete plaintiff time-card, being instructed by supervisor cleveland.
   Defendants Minor, Cleveland and Ratliff further carried out Retaliatoral measure against the plaintiff. defendants, Local 1021 S.E.I.U. representative, and city employee Shelia Stoglin, Retaliated against plaintiff, for complaint against cleveland and Ratliff by failing to act, investigate, conspired and confisiciation of plaintiff february 2,2016 incident report. [Human Resource] Yolanda Lopez, and Debbie Corso Retaliated against plaintiff for reporting a unfair practices then demanding for the plaintiff to change (alter) plaintiff statement. Defendant' [Employee, Labor and Relation], and defendant, employee [senior analysis], Adama Wilson Retaliated against plaintiff for reporting unprofessional misconduct.

58. On or about October 3, 2016, Defendant [CITY of OAKLAND], OFFICE of the [CITY ATTORNEY,defendant Barbara Parker CITY ATTORNEY, was fully aware of plaintiff's complaints case no: C31449. against defendants Employer, employees, and labor organization. ATTORNEY OFFICE,had all of the plaintiff six (6) grievances, against OAKLAND PUBLIC WORKS, HUMAN RESOURCE, AND LOCAL 1021 S.E.I.U. Representatives.

59. On or about October 25, Defendants,City of Oakland,City Administrator Equal Opportunity Program Division, Substantiated plaintiff Sexual Harassment Complaint. City of Oakland ATTORNEY having had knowledge Retaliated against plaintiff by filing Workplace Violence Order against the plaintiff On November 3/ 2016. One Month After plaintiff filed claims number with the city attorney office, who refused to intervene securing the protected civil rights of City Employees, filing, reporting,testify, in ANY proceeding is Retaliation.

60. On or about October 6,2016 Jason Mitchell, assistant director,Bureau of infrastucture & operations. Text message as follows: Mitchell Jason to: mtrFan@ya..and 2 others, time7:06pm Hello Samuel and SEIU Leadership: im hearing the step 2 Grievance filed by samuel austin, custodian concerning discrimination in the workplace as stipulated per. Article 15.2.2 of local 1021 M.O.U.  I would like to discuss the merits of this grievance.
   Pursuant to the mou, the department head or director, or design representative shall meet with the unit member or union representative within fifteen (15) working days following the receipt of the grievance, and shall respond to the grievance in writing within ten (10) working days after the meeting. [Mitchell request] ,Can you please provide me with a few dates, times we can discuss this matter? Many thanks. Defendants Pitocchi, and McElroy refused to represent plaintiff to secure protected Participation Activities. Defendants McElroy and Pitocchi intentional Retaliated against by delaying the Stipulated per article 15.2.2.

12.

61. On or about October 12, 2016, Plaintiff receive text message for defendant,Local 1021

McElroy states as follows; good morning sam. The [president],informed me he wanted to participate in are next meeting. We will check schedules to day to see when we will meet. "Hey sam made contact with jason mitchell", I preserved your timelines. [I am currently working on 2 different matter were brothers or off work no pay and not getting checks i am resolving their matters this week]. Defendant Local 1021 S.E.I.U. representative [preserve plaintiff timeline] without the knowledge nor consent of the plaintiff, resulting in given the defendants [City Attorney's Office] defendant Parker, and Warren,time to filed workplace violence order, and intent to terminate packet and appearance before the Oakland Police Deputy Cheif for termination of plaintiff employment..

62. On or about October 17,2016, Plaintiff text to Defendant McElroy, can you please forward me the copies of the questions that you requested of fact finders in the union investigate of austin claims of discrimination,harassment,retaliation in the workplace. Please set a date and time to meet with mr. Jason Mitchell to address my grievances.

63. On or about October 19, 2016 Plaintiff receive text message from defendant McElroy states as follows: Good morning samuel. [You have told me you have disability a couple times. Have you ever made the City aware of this issue]. [I have concern about bringing it into play at this late date], [but need to know what your thinking is on bringing it up during are meetings].

64. The foregoing acts of defendants were done malicious and with conscious and reckless disregard for the rights of plaintiff, and were intended to punish, injure and oppose him. Said acts were ratified by defendants, PITOCCHI, and McELROY. By reason thereof, the individual defendants are each liable to plaint to punitive damages in amount according to proof.

65. On or about October 25, 2016, defendant,, Equal Opportunity Program Division, defendant [Barbara sylvester], substantiate, plaintiff's complaint of sexual harassment. Where fore defendants DENIED, plaintiff civil rights complaint on july 18,2016. After numerous pleads to defendants from the plaintiff for intervention, Defendants, City of Oakland, Office of Administrator,defendant [Assist Mayor],Sabrina Landreteh having knowledge the plaintiff request from [her] LANDRETH office, E.O.P.D. Failed to secure the granteed protected rights of plaintif did and therefore punished plaintiff by [Retaliatory measure] alone with defendants, City Attorney's office, defendants, Parker and Warren, failed to take action to protect the rights of plaintiff. denied plaintiff Liberty of property in Employment, to conspire and fabricate workplace violence order against plaintiff.

66. On or about November 3, 2016, Defendants, City Of Oakland,City ATTORNEY Office, employees, Parker and Warren intentional filed workplace work order again plaintiff. After receiving information to proceed with plaintiff grievances from the bureau of infractsuction and operation to Jason Mitchell and Local 1021 Leadership, intentional Retaliation on All defendants

13.

67. The foregoing acts of defendants were done maliciously and with conscious and reckless disregard of plaintiff, and were intended to punish, injure and oppress hm. Said act

Were ratified by defendant, SYLVESTER. By reason thereof, the individual defendants each are liable plaintiff for punitive damages in an amount according to proof.

68. On or about November 3, 2016. Defendants,City Attorney, Parker, and deputy Warren filed workplace violence,Retaliation against plaintiff for filing a complaint protected by the first amendment.

69. On or about November 4, 2016, Defendant, the City of Oakland, [Oakland Public Works], [Minor] Building Manager, Suspended Plaintiff employment. Including a [Special appointment] to appear before, defendant, [City of Oakland, [Oakland Police Department] Deputy chief John Lois for a [Skelly Hearing] to Termination of Plaintiff, Intentional Retaliation
     Discrimination in employment against the plaintiff an"[Outside Grounds Custodian]" Position of Employment. Defendants,[City of Oakland], [Oakland Public Works], [Oakland Police Department], and [Office of Attorney]. Denied plaintiff his right to exciser his Liberty of property, afforded by The United States Constitution. Defendants Retaliated against plaintiff allegedly [For Pass Convictions]. Defendants, City of Oakland,Employer,Employees and Organizations [Open Pandora Box]. In its pursuit Of Retaliation against Plaintiff Last conviction, resulted from a December 1997. Jury Trial Testimony of [FRANCISCO VASQUES], A LAW ENFORCEMENT [FUGITIVE] TO THIS DAY, OAKLAND POLICE DEPARTMENT, RIDERS police Corruption SCANDAL OF THE1990's. This Fugitive Officer, "Vasques" has been RUNNING for over TWENTY YEARS. Ten years of the Plaintiff Life was TAKEN due to a MISCARRIAGE of JUSTICE.

70. On or about February 8, 2017 defendant Oakland Police Department terminated plaintiff employment for pass conviction.

71. Defendants, separately and in concert, and while acting under course and scope of their employment, each knowingly, willfully, with gross negligence and in wanton reckless and deliberate indifference to the right of plaintiff, allowed or arranged or committed act of sexual harassment,Retaliation,intentional discrimination,termination,and intentional [Miscarriage of Justice] for wrongful conviction against plaintiff a [POTTED PLANT] pass conviction of 1997.

Upon the plaintiff and were deliberately indifferent to his civil rights, his medical condition, thereby depriving plaintiff the rights, privileges and communities secured by the First, Eighth and fourteenth Amendments to the United States Constitution, including the right to substantive due process, the right to be free from intentional discrimination in my Employment, the right to be free from being denied reasonable accommodation in my employment, the right to be free from sexual harassment in my employment, the right to be free from Retaliation for participating in protected activities in my employment.

The right to be free from false imprisonment resulting from defendant, City of Oakland, Convicted Plaintiff in December 1997. A twelve panel Jury Trial Conviction case, testimony used against plaintiff from a PRESENT known Fugitive Francisco Vasques [The Peoples Case] against the plaintiff. The right not to subject to summary of cruel or unusual punishment.

14.

72. Defendants(1) City of Oakland,(2) Public Works, Minor,Cleveland,Ratliff,Jeffrey.(3, Human Resource, Yolanda Lopez,Debbie Corso.(4) Equal Opportunity Program Division,

Barbara Sylvester.(5) Employee and Labor Relation, Kip Walsh, Adama Wilson.(6)City Manager Office, Sabrina Landreth.(7)City Attorney Office, Barbara Parker, Selia Warren.(8) Oakland Police Department, John Lois.(10) Local 1021 S.E.I.U. Representatives,and Steve Pitocchi, Dwight McElroy, Shelia Stoglin, Employer , Employees, and Organization.

73. Plaintiff repeats and realleges the allegation contained in paragraphs 1 through 74 as if set forth herein.

74. The act of defendants, and each of them, as aforesaid, violate plaintiff rights under state and federal law to the exercise and enjoyment of his civil right as enumerated above, and subjects defendants to liability and damages.

WHEREFORE, plaintiff prays for judgement against the defendants, jointly and severally, as follows:

1. For general damages according to proof.
2. For special damages according to proof.
3.. For punitive damages according to proof.
4. For such other relief as the court may deem just and proper.

Plaintiff demands a trial by jury.

Dated: May 25, 2017

Respectfully submitted
Mr. Samuel E. Austin
In pro se:

*Mr. Samuel E. Austin* (signature)

PROOF OF SERVICE

STATE OF CALIFORNIA )
)
County of Alameda )
_____

I, ("A") Mr. Samuel E. Austin, am a resident of Patterson, County Of Stanislaus, California. And am at least 18 years of age. My Mailing Address is 1370 Tersk Court, Patterson,ca,95363.

On ("B") May 25, 2017, I served a true and correct copy of the following document(s): ("C") Complaints in Violation of Title VII of the Civil Rights Acts, Northern District Court of California.. On each party listed below by placing it in envelope, with adequate postage Or provided, and by depositing said envelope in box for the United States Mail. Each party to the action has been served.

This copy is being Mailed to ("D"):
DEFENDANT(S):

| City of Oakland | Local 1021 Service employees. | Northern District Court |
| 1 Frank H. Ogawa Plaza, | international union S.E.I.U | of California. |
| Oakland California, 94612 | 100 Oak street,Oakland,Ca. 94607. | 450 Goldengate Ave |
| | | San Francisco,ca. 94601 |
| | | Room 16-1111. |

There is regular delivery service by the United States Mail between the above place of Mailing and the parties listed.

I declare, under penalty of perjury, that the foregoing is true and correct.

Dated: May, 25, 2017.

Respectfully Submitted

Mr. Samuel E. Austin
In pro se:

*Mr. Samuel E. Austin* (signature)

EEOC Form 161 (11/16)                     U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Samuel C. Austin<br>1370 Tersk Ct<br>Patterson, CA 95363 | From: | Oakland Local Office<br>1301 Clay Street<br>Suite 1170 N<br>Oakland, CA 94612 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 555-2017-00171 | Ahlam Abdellatif,<br>Investigator | (510) 637-3238 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

- NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____   02/24/17
Dana C. Johnson,                  (Date Mailed)
Local Office Director

Enclosures(s)

cc:   Artisha McCullough
      Manager
      CITY OF OAKLAND
      150 Frank Ogawa Plaza, 2nd Floor
      Oakland, CA 94612



STATE OF CALIFORNIA | State and Consumer Services Agency                                    GOVERNOR EDMUND G. BROWN, JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                         DIRECTOR PHYLLIS W. CHENG

2218 Kausen Drive, Suite 100 | Elk Grove, CA | 95758
800-884-1684 | Videophone for the DEAF 916-226-5285 | TTY 800-700-2320
www.dfeh.ca.gov | e-mail: contact.center@dfeh.ca.gov

EEOC Number: 555-2017-00171C
Case Name:     Samuel C. Austin vs. CITY OF OAKLAND PUBLIC WORKS
Filing Date:     February 24, 2017

## NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being dual filed with the California Department of Fair Employment and Housing (DFEH) by the U.S. Equal Employment Opportunity Commission (EEOC). The complaint will be filed in accordance with California Government Code section 12960. This notice constitutes service pursuant to Government Code section 12962.

The EEOC is responsible for the processing of this complaint and the DFEH will not be conducting an investigation into this matter. Please contact EEOC directly for any discussion of the complaint or the investigation.

## NOTICE TO COMPLAINANT OF RIGHT-TO-SUE

This letter is also your Right to Sue notice. This Right-To-Sue Notice allows you to file a private lawsuit in State court. According to Government Code section 12965, subdivision (b), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The lawsuit may be filed in a State of California Superior Court. Government Code section 12965, subdivision (b), provides that such a civil action must be brought within one year from the date of this notice. Pursuant to Government Code section 12965, subdivision (d)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint. You should consult an attorney to determine with accuracy the date by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed.

If you have questions about the right to file under federal law, please contact the EEOC using the contact information below.

EEOC Northern California
450 Golden Gate Ave 5-West
PO Box 36025
San Francisco, CA  94102
(415) 522-3000

EEOC Southern California
255 East Temple Ste., 4th Floor
Los Angeles, CA  90012
(213) 894-1100

DFEH-200-02 (01/13)