**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **SAMUEL E. AUSTIN,** | **Case No.: 17-CV-03284 YGR** |
| **Plaintiff,** | **ORDER DISMISSING COMPLAINT WITH PREJUDICE** |
| vs. | |
| **CITY OF OAKLAND.,** *et al.***,** | |
| **Defendants.** | |

On June 7, 2017, plaintiff Samuel E. Austin, proceeding *pro se*, filed a complaint alleging discrimination, sexual harassment, and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e ("Title VII"), and failure to accommodate under the Americans with Disabilities Act, 42 U.S.C. 12101 (the "ADA"), against a litany of defendants including the City of Oakland, Equal Opportunity Program Administrator Barbara A. Sylvester, Barbara J. Parker of the City of Oakland's Attorney's Office, Oakland Police Department Deputy Chief John Lois, Steve Pitocchi of the Local 1021 Service Employees International Union, the Oakland City Manager's Office, and Assistant Mayor Sabrina Landreth, individually and in their official capacities. (Dkt No. 1, Complaint.)[1] On July 13, 2017, this Court dismissed Austin's initial Complaint because the allegations were unclear as to whether the Complaint was timely. (Dkt. No. 10.) Austin was granted leave to amend to give him an opportunity to make allegations showing timeliness if he could do so in good faith. (*Id.*) Austin filed an amended complaint on August 1, 2017. (Dkt. No. 11, First Amended Complaint.)

---

[1] Magistrate Judge Elizabeth D. Laporte granted Austin's application to proceed *in forma pauperis* on June 13, 2017. (Dkt. No. 5.)

Having considered the First Amended Complaint and applicable law, and for the reasons set forth below, the Court finds that it is time-barred. The First Amended Complaint is therefore **DISMISSED WITH PREJUDICE**.

**I.	Legal Framework**

    **a.	Standard for Dismissal of Claims Filed *In Forma Pauperis***

A court may dismiss *sua sponte* (of its own accord) claims filed *in forma pauperis* if the court determines that the action fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2); *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989). "Dismissals on these grounds are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (citing *Franklin v. Murphy,* 745 F.2d 1221, 1226 (9th Cir. 1984)).

Pursuant to Title VII and the ADA, an aggrieved person has 90 days to bring a civil action after he receives his right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). *See* 42 U.S.C. § 2000e-5(f)(1); 29 C.F.R. § 1601.28(e). "This 90-day period 'operates as a limitations period,' meaning that if a claimant does not file a civil action within the 90 days, 'then the action is time-barred.'" *Smith v. Brennan*, 2016 WL 1446720, at \*5 (N.D. Cal. 2016) (quoting *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1121 (9th Cir. 2007)); *see also Scholar v. Pac. Bell*, 963 F.2d 264, 266-67 (9th Cir.1992); *Nelmida v. Shelly Eurocars, Inc.,* 112 F.3d 380, 383 (9th Cir. 1997) (holding that the "ninety-day period is a statute of limitations"). Accordingly, an aggrieved person must "file suit within 90 days of receiving notice of the final agency action on his complaint." *Id*. (citing *Bullock v. Berrien*, 688 F.3d 613, 616 (9th Cir. 2012)). If an aggrieved person fails to "file suit within 90 days of receiving his right-to-sue notice, his claims are time-barred and must be dismissed." *Id*. (citing *Payan*, 495 F.3d at 1127).

**II.	Discussion**

Here, Austin filed the First Amended Complaint *in forma pauperis*. Accordingly, the Court has jurisdiction to dismiss the First Amended Complaint *sua sponte* if it fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2); *Jackson*, 885 F.2d at 640. Plaintiff alleges that he

received his right-to-sue letter on February 27, 2017. (First Amended Complaint ¶¶ 58, 61.) Austin filed his initial Complaint 100 days later, on June 7, 2017. Therefore, Austin did "not file suit within 90 days of receiving his right-to-sue notice." *See Brennan*, 2016 WL 1446720, at *5 (citing *Payan*, 495 F.3d at1121–22). Accordingly, Austin's "claims are time-barred and must be dismissed." *Id.* (citing *Payan*, 495 F.3d at 1127).

## III. Conclusion

For the reasons stated herein, the Court finds that the action is time-barred. Therefore, plaintiff's First Amended Complaint is **DISMISSED WITH PREJUDICE.**

The Clerk shall close the file.

This Order terminates Dkt. No. 11.

**IT IS SO ORDERED.**

Date: August 7, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**