**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **SAMUEL E. AUSTIN,**<br><br>      **Plaintiff,**<br><br>vs.<br><br>**CITY OF OAKLAND.,** *et al.***,**<br><br>      **Defendants.** | **Case No.: 17-CV-03284 YGR**<br><br>**ORDER GRANTING MOTION FOR RECONSIDERATION**<br><br>**Dkt. No. 13** |

On August 16, 2017, plaintiff Samuel E. Austin, proceeding *pro se*, filed a motion for reconsideration of this Court's Order dismissing with prejudice plaintiff's first amended complaint ("FAC") on the grounds that the FAC was time-barred. (Dkt. No. 12.) Having considered plaintiff's motion, and for the reasons set forth below, the motion is **GRANTED**.

Pursuant to Title VII and the ADA, an aggrieved person has 90 days to bring a civil action after he receives his right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). *See* 42 U.S.C. § 2000e-5(f)(1); 29 C.F.R. § 1601.28(e). "This 90-day period 'operates as a limitations period,' meaning that if a claimant does not file a civil action within the 90 days, 'then the action is time-barred.'" *Smith v. Brennan*, 2016 WL 1446720, at *5 (N.D. Cal. 2016) (quoting *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1121 (9th Cir. 2007)); *see also Scholar v. Pac. Bell*, 963 F.2d 264, 266-67 (9th Cir.1992); *Nelmida v. Shelly Eurocars, Inc.,* 112 F.3d 380, 383 (9th Cir. 1997) (holding that the "ninety-day period is a statute of limitations"). Accordingly, an aggrieved person must "file suit within 90 days of receiving notice of the final agency action on his complaint." *Id.* (citing *Bullock v. Berrien*, 688 F.3d 613, 616 (9th Cir. 2012)).

Here, plaintiff alleges that he received his right-to-sue letter on February 27, 2017. (FAC ¶¶ 58, 61.) Austin avers that he mailed the FAC on May 25, 2017, or 87 days later, which is confirmed by the postmark. (*See* Dkt. No. 1-1.) However, the FAC was not docketed until June 7, 2017. (Dkt. No. 1.) Further, the date noted on the civil cover sheet is in blue ink as is the marking assigning the case number. The reason for this twelve-day delay between mailing and docketing is unclear. However, it appears that the delay was on the part of the Court. In any event, there is no indication at this juncture that the delay is attributable to plaintiff. The Court thus finds that Austin filed suit within 90 days of receiving his right-to-sue notice. Accordingly, the action is not time-barred.

For the reasons stated herein, plaintiff's motion for reconsideration is **GRANTED.**

The Clerk shall reopen the file.

This Order terminates Dkt. No. 13.

**IT IS SO ORDERED.**

Date: August 21, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**