**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **SAMUEL E. AUSTIN,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**CITY OF OAKLAND.,** *et al.***,**<br><br>**Defendants.** | **Case No.: 17-CV-03284 YGR**<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Dkt. Nos. 31, 32, 40 |

On August 1, 2017, plaintiff Samuel E. Austin, proceeding *pro se*, filed a first amended complaint alleging four causes of action for gender discrimination (Count I) and hostile work environment sexual harassment (Count III) under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e ("Title VII"); and for failure to accommodate (Count II) and retaliation (Count IV) under the Americans with Disabilities Act, 42 U.S.C. 12101 (the "ADA"), against a litany of defendants, namely Equal Opportunity Program Administrator Barbara A. Sylvester; Barbara J. Parker and Selia M. Warren of the City of Oakland's Attorney's Office; Oakland Police Department Deputy Chief John Lois; Steve Pitocchi of the Local 1021 Service Employees International Union; Assistant Mayor Sabrina Landreth; Public Works manager Darin Minor; Marco Torres; Everett Cleveland; Roslyn Ratliff; Jemea Jeffrey;Yolanda Lopez, Debbie Corso; Kip Walsh; Adama Wilson; Dwight McElroy; Shelia Stolin (the "Individual Defendants"); and the City of Oakland (the "City"). (Dkt. No. 11, First Amended Complaint ("FAC").

Defendants now move to dismiss all counts alleged in the FAC.[1] (Dkt. No.31.)

Having carefully considered the pleadings and the arguments of the parties, the Court hereby **GRANTS** defendants' motion to dismiss with leave to file an amended complaint as described below.

I. **BACKGROUND**

In March of 2013, Austin began working as a part-time custodian in the City of Oakland's Public Works Administration. (FAC at 3.)[2] In early 2014, Austin applied for and obtained a full-time custodian position.[3]

Over the course his employment, Austin was allegedly involved in a number of incidents in which he engaged in hostile and aggressive behavior toward his coworkers and supervisors. (*See* FAC at 13, 20.) In October 2016, the City filed a petition for a workplace violence restraining order with the Alameda County Superior Court. (*See* FAC at 13, 20.) The City also conducted a threat assessment of Austin and discovered that, contrary to Austin's representations when he applied for a full-time custodian position, he had previously been convicted of multiple felonies. (*See* FAC 13-15,

---

[1] Defendants have also submitted requests for judicial notice of three documents, namely (i) the restraining order against Austin issued by the Alameda Superior Court in *City of Oakland v. Austin*, Case No. RG16837711 (Ala. Super. Ct. Feb. 21, 2017) (the "Restraining Order"), (ii) another court's order granting summary judgment in favor of defendants in a civil rights again brought by a *pro se* plaintiff under 42 U.S.C. § 1983, and (iii) Austin's motion to dismiss the City's petition for a workplace violence restraining order. (Dkt. No. 32, Request for Judicial Notice ("RJN"); Dkt. No. 40.) In light of plaintiff's non-opposition, the Court **GRANTS** the requests for judicial notice, but does not accept the truth of any matters asserted in the documents. The Court gives such documents their proper evidentiary weight.

[2] The Court notes that the FAC contains many paragraph numbers which are both non-sequential and duplicative. For example, on the third and fourth pages of the FAC, the paragraphs are numbered as follows: fourteen, fifteen, sixteen, sixteen, fifteen, seventeen, and seventeen. To avoid confusion, all citations to the FAC refer to page numbers. In the event that plaintiff files a second amended complaint, the Court **ORDERS** plaintiff to identify each paragraph with a sequential and unique number.

[3] Defendants aver that as part of the application process, Austin completed a "Conviction History Form" in which he was asked whether he had "ever been convicted of any crime by any court, including a military court? A conviction includes a plea, verdict or other finding of guilt." In response to that question, Austin allegedly marked "No."

20, 34.) Following a hearing at which Austin testified, the Alameda County Superior Court issued a three-year restraining order against Austin. (RJN, Ex. A.)

Following a subsequent administrative investigation and hearing, the City determined that Austin knowingly misled the City by omitting material information on his Criminal History Form and terminated Austin's employment, effective February 8, 2017. (*See* FAC at 13-14, 20, 34.) On February 10, 2017, Austin filed an administrative charge against the City of Oakland's Public Works Agency. (FAC at 15.) On February 24, the Equal Employment Opportunity Commission ("EEOC") issued Austin a right-to-sue letter, which Austin alleges he received on February 27, 2017. (*Id.*) This lawsuit ensued.

## II. LEGAL STANDARD

Pursuant to Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted. Dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). The complaint must plead "enough facts to state a claim [for] relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the facts alleged do not support a reasonable inference of liability, stronger than a mere possibility, the claim must be dismissed. *Id.* at 678–79. Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

## III. DISCUSSION

### A. All Claims Against The Individual Defendants

Austin's FAC asserts claims under Title VII and the ADA against seventeen Individual Defendants. (FAC at 17, 24, 29, 31.) However, only an "employer" may be held liability under Title VII or the ADA. *See* 42 U.S.C. §§ 2000e(b); 2000e-3(a); 42 U.S.C. § 12111(5)(a). Neither Title VII

3

nor the ADA imposes liability on individual supervisors or other employees. *See Craig v. M & O Agencies, Inc.*, 496 F.3d 1047, 1058 (9th Cir. 2007) ("Title VII does not provide a separate cause of action against supervisors or co-workers."); *Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037-38 (9th Cir. 2006) ("[I]ndividual defendants cannot be held personally liable for violations of the ADA").

Therefore, the Court **GRANTS** defendants' motion to dismiss as to the Individual Defendants and **DISMISSES WITH PREJUDICE** all claims asserted in the FAC against the Individual Defendants. *See Morrow v. City of Oakland*, 690 Fed. Appx. 517, 518 (9th Cir. 2017) (affirming dismissal of Title VII claims against individual defendants); *Young v. Peralta Cmty. Coll. Dist.*, 2015 WL 4735204, at *1 (N.D. Cal. Aug. 10, 2015) (dismissing ADA claims against individual defendants with prejudice).[4]

### B. Count I: Gender Discrimination under Title VII

To state a *prima facie* case of gender discrimination under Title VII, Austin must allege that he (1) belongs to a protected class, (2) performed his job satisfactorily, (3) suffered an adverse employment action, and (4) was treated differently because of his membership in the protected class. *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006) (internal citation omitted). To establish the fourth element, Austin must allege either direct evidence of discrimination, such as derogatory comments about his gender or circumstantial evidence, "which may include allegations that similarly situated individuals outside [his] protected class were treated more favorably or that other circumstances surrounding the at-issue employment action give rise to an inference of discrimination." *McCarthy v. Brennan*, 2016 WL 946099 at *4. (N.D. Cal. 2016).

Here, Austin fails to allege facts sufficient to raise a plausible inference that he received different treatment *because of his gender*. Plaintiff alleges several contentious incidents involving his

---

[4] Austin's claims against the Individual Defendants fail for the additional reason that Austin did not exhaust administrative remedies as to the Individual Defendants. Before initiating a federal action alleging violations of Title VII or the ADA, a plaintiff must file an administrative charge with the EEOC and receive a right-to-sue letter. *Josephs v. Pacific Bell*, 443 F.3d 1050, 1061 (9th Cir. 2006) (ADA); *Jasch v. Potter,* 302 F.3d 1092, 1094 (9th Cir. 2002) (Title VII). Here, Austin alleges that he filed an administrative charge against the City, but he does not allege that he filed a charge against any of the Individual Defendants. (*See* FAC at 15.)

4

coworkers and supervisors and asserts that these incidents constitute gender discrimination. (FAC at p. 17-24.) Such conclusory assertions are insufficient to raise a plausible inference that Austin was treated differently because of his membership in the protected class. *See Cornwell*, 439 F.3d at 1028; *Knox v. Donahoe*, 2012 WL 949030, at *7 (N.D. Cal. Mar. 20, 2012). Accordingly, defendants' motion to dismiss Count I is **GRANTED** with leave to file a second amended complaint which alleges facts sufficient to show that plaintiff was treated differently because of his gender.[5]

### C. Count III: Hostile Work Environment Sexual Harassment under Title VII

To state a claim for sexual harassment causing a hostile work environment, Austin must allege "(1) that he was subjected to verbal or physical conduct of a harassing nature, (2) that this conduct was unwelcome, and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Arizona ex rel. Horne v. Geo Grp., Inc.*, 816 F.3d 1189, 1206 (9th Cir. 2016). The conduct must be so "extreme as to amount to a change in the terms and conditions of employment." *Id.* (internal quotation marks omitted). C ourts determine whether an environment is sufficiently hostile by examining "all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* (internal quotation marks omitted). "The absence of any tangible job detriment requires a commensurately higher showing that the sexually harassing conduct was pervasive and destructive of the working environment." *Kob v. Cnty. of Marin*, 2009 WL 10680775, at *7 (N.D. Cal. Nov. 25, 2009) (internal quotation marks omitted). One isolated incident generally is not sufficient to establish a hostile work environment claim. *Craig*, 496 F.3d at 1055-56 (citing *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)); *Brooks v. City of San Mateo*, 229

---

[5] The Court further notes that incidents which occurred *prior* to August 10, 2016, are time-barred. Austin alleges that he filed his charge with the EEOC on February 10, 2017. (FAC at 15.) Accordingly, to the extent that the FAC relies on alleged incidents occurring before August 10, 2016, which is 180 days before Austin filed his charge with the EEOC, such claims are time-barred for failure to exhaust administrative remedies. *See Jasch*, 302 F.3d at 1094.

5

F.3d 917, 926 (9th Cir. 2000) ("If a single incident can ever suffice to support a hostile work environment claim, the incident must be extremely severe.").

Here, Austin concedes that the alleged harassment did not "deprive [him] of any tangible job benefit." (FAC at 30.) Austin's hostile work environment claim apparently arises from a single incident in which a coworker sent Austin a vulgar text message. (FAC at 30.) Austin does not allege physical implications of a sexual nature or that the text messages interfered with his work performance. *See Geo Grp.*, 816 F.3d at 1206. The Court thus finds that this incident fails to raise a plausible inference that defendants' conduct was "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Id*.

Therefore, defendants' motion to dismiss Count III is **GRANTED** with leave to file a second amended complaint which alleges facts sufficient to show that defendant's conduct was "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment" and so "extreme as to amount to a change in the terms and conditions of employment." *Id*.

### D. Count II: Failure to Provide a Reasonable Accommodation under the ADA

To state a *prima facie* case for failure to provide a reasonable accommodation under the ADA, Austin must plead facts showing that (1) he had a disability; (2) he actually requested an accommodation; (3) the requested accommodation was reasonable; and (4) the request was refused. *Huynh v. Harasz*, 2016 WL 2757219, at *11-13 (N.D. Cal. May 12, 2016). Austin's claim fails for two reasons: First, Austin has not alleged facts to support his claim that he had a qualifying disability under the ADA. Second, Austin has not alleged facts showing that he notified the City of a qualifying disability or requested an accommodation in connection with a qualifying disability.

With regard to the first reason, which is that the FAC does not allege a qualifying disability under the ADA, Austin must "must allege his disability with specificity" and "specify what major life activities his disability limits." *Alejandro v. ST Micro Elecs., Inc.*, 129 F. Supp. 3d 898, 907-08 (N.D. Cal. 2015); *see also Bell v. Univ. of Cal. Davis Med. Ctr.*, 2013 WL 1896318, at *4 (E.D. Cal. May 6, 2013) (citing *Bragdon v. Abbott*, 524 U.S. 624, 631 (1998); *Gribben v. Utd. Parcel Serv., Inc.*, 528

F.3d 1166, 1169 (9th Cir. 2008)). Here, Austin alleges generally that he has an "immune deficiency disorder and P.T.S," and that his back "goes out . . . from time to time." (FAC at 25.) He further alleges that those conditions impact "[m]ajor bodily functions [and] function of the immune system." (*Id*.) However, Austin does not specify which "major life activities" are impacted and how his alleged conditions actually impact these activities. *See Bell*, 2013 WL 1896318, at \*4; *Alejandro*, 129 F. Supp. 3d at 907-08; *Lacayo v. Donahoe*, 2015 WL 993448 (N.D. Cal. 2012), at \*17 (dismissing claims where the plaintiff failed "to specify which condition was purportedly the basis of a discriminatory employment action"); *Jackson v. Napolitano*, 2010 WL 941110, at \*5 (D. Ariz. 2010) (finding complaint insufficient where plaintiff failed to specifically identify the nature of his purported impairment and "how that impairment substantially limits one or more of his major life activities").

Second**,** Austin has not alleged facts that show he requested an accommodation or notified the City of his purported disability. *See Bell*, 2013 WL 1896318, at \*4; *Lacayo*, 2015 WL 993448, at \*17. Austin alleges that he asked his supervisor for a chair to sit on while working. (FAC at 5, 25, 26.) However, plaintiff fails to allege that he informed his supervisor of his purported disability, or that he required the chair as an accommodation which was related to that disability.[6]

Accordingly, defendants' motion to dismiss Count II is **GRANTED** with leave to file a second amended complaint which alleges (i) a qualifying disability, (ii) which of the "major life activities" which are impacted by Austin's alleged disability, (iii) how this disability impacts those life activities, and (iv) that Austin notified the City of his purported disability and requested an accommodation in connection with the same.

**E.    Count IV: Retaliation foe Seeking a Reasonable Accommodation under the ADA**

To state a case of retaliation under Title VII, Austin must show that "(1) he engaged in a statutorily protected activity (*i.e.,* that he protested or otherwise opposed unlawful employment

---

[6] Further, the Court notes that this incident is time-barred because Austin alleges that it occurred in March 2016, which is more than 180 before he filed an administration charge with the EEOC on February 10, 2017.

7

discrimination directed against employees protected by Title VII); (2) subsequently, he suffered an adverse employment action; and (3) a causal link exists between the protected activity and the adverse action." *Johnson v. Eckstrom*, 2011 WL 5975039, at *2 (N.D. Cal. 2011) (citing *Thomas v. City of Beaverton*, 379 F.3d 802, 811 (9th Cir. 2004)). To raise the inference of causation necessary to state a *prima facie* case for retaliation, the alleged protected activity must be "very close" in time to the adverse action. *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001). Austin's retaliation claim fails for two reasons: First Austin does not allege facts sufficient to show that he engaged in protected activity related to his alleged disability. Second, the FAC does not allege facts to establish a causal link between protected activity and an adverse employment action.

First, as discussed above Austin fails to allege facts to support his claim that he engaged in statutorily protected activity by requesting an accommodation or notifying the City of his purported disability. *See* Section III.D, *supra*.

Second, and in any event, the FAC does not allege facts to show a causal link between a protected activity and an adverse employment action. The FAC references three alleged adverse employment actions, namely the City's (i) denial of Austin's complaint to the City's Equal Opportunity Program ("EOP") on July 18, 2016; (ii) petition for a workplace violence restraining order against Austin; and (iii) termination of Austin's employment. Regarding the EOP complaint, Austin concedes that EOP denied his claim on July 18, 2016, because it did not relate to a purported disability or any other protected characteristic. (*Id.* at 8, 21-22, 27-28.) Thus, the FAC fails to allege a causal connection between the EOP denial and protected activity.

Austin similarly fails to allege a causal link between protected activity and either the City's petition for a workplace violence restraining order or its termination of Austin. Specifically, Austin alleges no facts which suggest that either the restraining order or Austin's termination was connected to his alleged disability or his alleged request for a related accommodation.[7]

---

[7] Further, the Court highlights the separation in time between Austin's request for a chair and the petition for a restraining order (seven months), EOP petition denial (ninth months) and termination (eleven months). Generally, adverse employment actions which occur more than four months after allegedly protected activity are not sufficiently close in time to raise an inference of causation. *See*

8

Accordingly, defendants' motion to dismiss Count IV is **GRANTED** with leave to file a second amended complaint which alleges facts sufficient to raise a plausible inference that (i) Austin engaged in protected activity under the ADA and (ii) a causal link exists between Austin's protected activity and an adverse employment action.

### F. Punitive damages

Punitive damages are not available against governmental entities for claims under Title VII or the ADA. *Hines v. Cal. Pub. Utilities Comm'n*, 07-cv-4145-CW, 2008 WL 2631361, at *11 (N.D. Cal. June 30, 2008) (Title VII); *Peacock v. Terhune*, CIV. S-01-1589 WBS/DA, 2002 WL 459928, at **3-5 (E.D. Cal. Jan. 23, 2002) (the ADA). Accordingly, Austin's request for punitive damages is **DISMISSED WITH PREJUDICE**. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974-75 (2010) (holding that Rule 12(b)(6) is the proper mechanism for challenging a request for damages that are unavailable as a matter of law).[8]

## IV. CONCLUSION

For the foregoing reasons, the Court **ORDERS** as follows:

1. Defendants' motion to dismiss Austin's claims against the Individual Defendants is **GRANTED** and Austin's claims against the Individual Defendants are **DISMISSED WITH PREJUDICE**.

---

*Richmond v. ONEOK, Inc.*, 120 F.3d 205, 209 (10th Cir. 1997), *cited with approval in Breeden*, 532 U.S. at 273, (three-month period not sufficiently close); *see also Quiroz v. Horel*, 85 F.Supp.3d 1115, 1127 (N.D. Cal. 2015) (holding a six-month separation insufficiently close "to support a finding of retaliatory motive" and noting that other cases have found "periods of three and four months too long"); *Filipovic v. K & R Express Sys., Inc.*, 176 F.3d 390, 398–99 (7th Cir. 1999) (finding four months too long), *cited with approval in Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2002); *see also Johnson*, 2011 WL 5975039, at *3 (finding just under three months too long).

Austin appears to argue that he raised the issue of his alleged disability in a motion he filed in stated court in response to the City's petition for a workplace violence restraining order. (Dkt. No. 40, Ex. A ("Austin Response to Petition").) However, Austin's state court filing fails to (i) identify a purported disability or (ii) link that\ purported disability to an adverse employment action.

[8] Defendants' argument that all of Austin's claims are time-barred and should be dismissed with prejudice does not persuade in light of this Court's order dated August 21, 2017. (Dkt. No. 14 at 2 (noting that the twelve-day delay between mailing and docketing of Austin's FAC "appears" to be attributable to the Court).)

2. Defendants' motion to dismiss Austin's claims against the City is **GRANTED** and Austin's claims against the City are **DISMISSED** with leave to amend as described above.

3. Plaintiff shall file a second amended complaint by **February 26, 2018**. Failure to timely file will result in a dismissal with prejudice.

This Order terminates Dkt. Nos. 31, 32, 40.

**IT IS SO ORDERED.**

Date: January 18, 201:  _____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**