**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **SAMUEL E. AUSTIN,**<br>Plaintiff**,**<br>vs.<br>**CITY OF OAKLAND, ET AL.,**<br>Defendants**.** | CASE NO. 17-cv-03284-YGR<br><br>**ORDER GRANTING MOTION TO DISMISS THIRD AMENDED COMPLAINT WITH PREJUDICE**<br><br>Re: Dkt. Nos. 87, 88 |

On July 16, 2018, plaintiff Samuel E. Austin, proceeding *pro se*, filed a third amended complaint ("TAC") alleging four causes of action: two under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e ("Title VII") for gender and racial discrimination (Count I) and hostile work environment namely for sexual harassment (Count III); and two more under the Americans with Disabilities Act, 42 U.S.C. 12101 (the "ADA") for failure to accommodate (Count II) and retaliation (Count IV). (Dkt. No. 86 ("TAC").) The TAC again charged a litany of defendants, including the City of Oakland (the "City"); Public Works Manager Darin Minor, Marco Torres; Everett Cleveland; Roslyn Ratliff; Jemea Jeffrey; Human Resource Manager Yolanda Lopez; Debbie Corso; Employee and Labor Relation Manager Kip Walsh; and Adama Wilson; Equal Opportunity Program Administrator Barbara A. Sylvester; City Attorney Barbara J. Parker; "Warren"[1]; "Cooks;" Oakland Police Department Deputy Chief, John Lois; City Manager Office Assist Mayor Sabrina Landreth (collectively, "City Defendants") as well as Local 1021 Service Employees International Union ("SEIU"), "Pitocchi,"[2] "McElroy," and "Stoglin," (collectively "SEIU Defendants").[3] (*See* TAC.)

---

[1] The Court notes that "Warren" is likely Selia M. Warren of the City of Oakland's Attorney's Office.

[2] The Court notes that "Pitocchi" is likely Steve Pitocchi of SEIU.

[3] The Court refers herein to the individuals named in the complaint collectively as "Individual Defendants."

1    Now before the Court are defendants' motions to dismiss all counts alleged in the TAC.[4]

2    (Dkt. Nos. 87, 88.) City Defendants move to dismiss for failure to state a claim under Rule

3    12(b)(6). (Dkt. No. 87 ("City MTD").) SEIU Defendants move to dismiss for failure to state a

4    claim under Rule 12(b)(6) and lack of subject matter jurisdiction under Rule 12(b)(1). (Dkt. No.

5    62, ("SEIU MTD").)

Having carefully considered the pleadings, the papers submitted, and for the reasons set forth more fully below, the Court hereby **GRANTS** defendants' motions to dismiss and **DISMISSES WITH PREJUDICE** all of Austin's claims. Thus, Austin may not file a fourth amended complaint.

### I. BACKGROUND

The background giving rise to this action is well-known and the Court will not repeat it here. Relevant to the instant motion, on May 30, 2018, the Court granted defendants' motions to dismiss plaintiff's second amended complaint ("SAC") as well as the complaint plaintiff filed in a second action, *Austin v. City of Oakland, et al*, Case No. 18-cv-1329 ("*Austin II*").[5] (Dkt. No. 80 ("May 30th Order").) In its prior order, the Court recounted the factual background alleged and dismissed with prejudice all of Austin's claims other than those of racial discrimination against the City and SEIU, which the Court dismissed without prejudice. (*Id.* at 2.)

In its May 30th Order, the Court instructed that Austin's TAC may not repeat his claims against any of the 17 individuals named as defendants in plaintiff's SAC and *Austin II* complaint. (*See id.* at 17.) The Court also instructed Austin not to include any claims of gender discrimination under Title VII or of failure to provide reasonable accommodation and retaliation under the ADA. (*See id.* at 18.) With respect to Austin's claim of racial discrimination against the City and SEIU, the Court informed plaintiff that he could file an amended complaint to the extent

---

[4] The Court has reviewed the papers submitted by the parties in connection with defendants' motions to dismiss the TAC. The Court has determined that the motion is appropriate for decision without oral argument, as permitted by Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78. *See also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991). Accordingly, the hearing set for September 18, 2018 is **VACATED**.

[5] The Court consolidated *Austin II* with the instant matter on March 27, 2018. (*Austin II*, Dkt. No. 11.)

2

that he could show that: (1) he was treated differently because of his race; (2) his claims are not time-barred; and (3) he exhausted his administrative remedies against SEIU with respect to his claims of racial discrimination prior to filing the instant suit. (*See id.*) Finally, the Court stated that Austin's TAC may not include a request for punitive damages. (*See id.*)

Contrary to the Court's May 30th Order, and the instructions therein, Austin's TAC includes all of his prior claims, including those previously dismissed *with prejudice*. Specifically, Austin's TAC again includes Title VII and ADA claims against seventeen individual defendants. (*See* TAC at 1.)[6] Similarly, Austin reiterates claims of gender discrimination under Title VII and failure to provide reasonable accommodation and retaliation under the ADA against the City and SEIU. (*See id.* at 19-27.) Moreover, Austin's TAC includes a request for punitive damages. (*See id.* at 68.)

Austin's TAC also supplements his SAC with approximately ten additional pages.[7] Plaintiff's additions primarily complain that the Equal Employment Opportunity Commission ("EEOC") violated his equal protection and due process rights under the Fourteenth Amendment by intentionally failing to allow Austin to exhaust his administrative remedies in a timely manner and bring a cause of action to federal court (TAC at 8); that the Court has similarly violated his rights by dismissing his earlier complaints (*id.*); and an inquiry as to why Austin had not been invited to Congress to seek "injustice vindication" (*id.* at 6).

Austin also provides additional information regarding the charges he claims to have filed with the EEOC. Plaintiff repeats his claim, first alleged in the SAC, that he filed an initial administrative charge for retaliation and gender and disability discrimination with the EEOC on or about November 4, 2016.[8] (TAC at 2-3, 5-6, 10; *see also id.* at 8, 9, 12 (alleging November 15);

---

[6] For clarity, all citations to the TAC refer to ECF pagination.

[7] The greater portions of the additional material can be found within the following pages and paragraphs: 5 (at ¶12); 6 (¶A); 7 (¶21) through 15 (¶4); 48 (¶124); 50 (¶¶128-29); 61 (¶166); 67 (¶189).

[8] TAC appears to indicate that these filings have been attached as exhibits to the TAC (*see* TAC at 11-12), however the filing does not include any exhibits.

3

SAC at 4 (alleging November 4).) Austin previously claimed, on one hand, to have received a right-to-sue letter in response to his November 2016 EEOC charge on November 30, 2016 (*see Austin II*, Dkt. No. 1 at 5-6), and, on the other hand, that the "EEOC [i]ntentional[ly] refused to issue a right to sue notice," (TAC at 34; SAC at 24). Plaintiff now alleges that the EEOC instructed him to wait until he was actually fired before proceeding further with his November 2016 administrative charge. (TAC at 8.) In the TAC, Austin alleges for the first time that he filed additional EEOC charges against the City on January 6, 2017 and July 20, 2017. (*Id.* at 8, 11-12.) He also reiterates his claim that he filed a charge related to alleged ADA violations on or about September 22, 2017. (*See id.*; *see also Austin II*, Dkt. No. 1 at 5-6 (alleging September 25).) Austin states that his July 20, 2017 EEOC charge related to his allegations of racial discrimination. (TAC at 8, 11-12.) He does not allege that he filed an EEOC charge for racial discrimination prior to July 20, 2017.[9] Nor does he allege that the EEOC charge filed on July 20, 2017 named SEIU.

Finally, Austin's TAC appears to attribute the following events to discrimination on the basis of his race: (1) the City's petition for a workplace violence restraining order against Austin; (2) the *Skelly* hearing conducted on February 21, 2017; and (3) the termination of Austin's employment with the City on February 8, 2017.[10] (*See, e.g.*, TAC at 15.)

**II.  LEGAL STANDARD**

   **A.  Motion to Dismiss Under Rule 12(b)(6)**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted. Dismissal for failure to state a claim under Rule 12(b)(6) is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d

---

[9] Austin previously alleged that he filed his racial discrimination charge with the EEOC on or about September 25, 2017. (*See Austin II*, Dkt. No. 1 at 5-6.) He now claims that the September 2017 charge related to alleged violations of the ADA. (TAC at 12.)

[10] Plaintiff's complaint states that the "private enforcement *Skelly* hearing" was held on January 21, 2017, however the record suggests that the hearing was held on February 21, 2017. (*See* Dkt. No. 32, Ex. A, 3-Year Restraining Order against Samuel Austin, *City of Oakland v. Austin*, Case No. RG16837711 (Ala. Super. Ct. Feb. 21, 2017).)

4

1240, 1242 (9th Cir. 2011) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). The complaint must plead "enough facts to state a claim [for] relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the facts alleged do not support a reasonable inference of liability, stronger than a mere possibility, the claim must be dismissed. *Id.* at 678–79. Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004). *Pro se* pleadings must satisfy the same standard. *See Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995) (finding that courts must construe *pro se* pleadings liberally, but "those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong").

### B. Motion to Dismiss Under Rule 12(b)(1)

Federal courts will dismiss claims under Rule 12(b)(1) for lack of subject matter jurisdiction when plaintiff fails to exhaust administrative remedies. *See Sommatino v. United States*, 255 F.3d 704, 707-10 (9th Cir. 2011). To establish federal subject matter jurisdiction over causes of action brought under Title VII and the ADA, a plaintiff must "exhaust her EEOC administrative remedies before seeking federal adjudication of her claims." *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 2004); *see also Josephs v. Pac. Bell*, 443 F.3d 1050, 1062 (9th Cir. 2006); *Jasch v. Potter*, 302 F.3d 1092, 1095-96 (9th Cir. 2002).

### III. DISCUSSION

#### A. Claims of Racial Discrimination Against the City and SIEU

To state a *prima facie* case of racial discrimination under Title VII, Austin must allege that he (1) belongs to a protected class, (2) performed his job satisfactorily, (3) suffered an adverse employment action, and (4) was treated differently *because of* his membership in the protected class. *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006) (internal citation omitted). To establish the fourth element, Austin must allege either direct evidence of discrimination, such as derogatory comments about his race, or circumstantial evidence, "which

5

may include allegations that similarly situated individuals outside [his] protected class were treated more favorably or that other circumstances surrounding the at-issue employment action give rise to an inference of discrimination." *McCarthy v. Brennan*, 2016 WL 946099, at *4. (N.D. Cal. 2016).

Austin's TAC appears to attribute the following events to discrimination on the basis of his race: (1) the City's petition for a workplace violence restraining order against; (2) the *Skelly* hearing conducted on February 21, 2017, shortly before Austin's termination; and (3) the termination of Austin's employment with the City on February 8, 2017. (*See, e.g.*, TAC at 15.)

As in his complaint in *Austin II*, plaintiff once again fails to allege facts sufficient to raise a plausible inference that he received different treatment *because of his race*. Instead, Austin asserts that the three events articulated above were the result of "intentional discriminated race, bias and equity, storetype employee Austin as a gang member against plaintiff Austin a minority." (*Id.*) At most, Austin alleges that the individuals involved in these events were white (*see, e.g., id.* at 16 (alleging that plaintiff felt uncomfortable with the fact that the individuals present at the *Skelly* hearing were "important WHITE people") and that these individuals made their decisions based on racial profiling and in so doing "singled out [Austin] and treated [him] less favorably than others simiar[ly] situat[ed]" based on Austin's race (*see, e.g.*, *id.* at 32-33 (discussing plaintiff's termination); *see also id.* at 34 (alleging that defendants engaged in racial discrimination in filing the workplace violence restraining order against Austin)).

However, these conclusory allegations of law . . . are insufficient to defeat" defendants' motions to dismiss. *See Adams*, 355 F.3d at 1183. Austin's allegations that he was "singled out . . . and treated less favorably," supplied without any supporting factual allegations, fails to establish a reasonable inference of liability stronger than a mere possibility. *See Iqbal*, 556 U.S. at 678. The mere fact that contentious incidents occurred or the individuals involved in the decision-making that lead to the petition for a restraining order, the *Skelly* hearing, and Austin's termination were "white" is insufficient to raise a plausible inference that Austin was treated differently *because* of his race. *See Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006); *Knox v. Donahoe*, 2012 WL 949030, at *7 (N.D. Cal. Mar. 20, 2012). Stated differently,

bare statements that plaintiff was treated less favorably by individuals of another race are not enough. To state a claim, Austin must allege something more to show *how* he was "treated less favorably" *because* of his race.

To the extent that plaintiff has alleged that incidents that occurred prior to January 21, 2017 are the result of racial discrimination, those claims are time-barred.[11] Plaintiff alleges that he first filed with the EEOC his charge regarding racial discrimination on July 20, 2017. (TAC at 8, 11-12.) The law requires an administrative claim to be filed within 180 days of the alleged unlawful activity. 42 U.S.C. § 2000e5. Thus, for a claim filed on July 20, 2017, the alleged unlawful activity must have occurred during the 180-day period beginning January 21, 2017. Accordingly, any incidents which occurred *prior* to January 21, 2017 are time-barred.

Moreover, with respect to Austin's claims of racial discrimination against SEIU, plaintiff has failed to exhaust his administrative remedies and therefore has not established subject matter jurisdiction as to these claims. *See Farmer Bros. Co.*, 31 F.3d at 89; *see also Josephs*, 443 F.3d at 1062; *Jasch*, 302 F.3d at 1095-96. Austin does not allege that he ever filed an EEOC charge against SEIU for racial discrimination. (TAC at 8, 11-12.) Additionally, along with his response to defendants' motions to dismiss, plaintiff attaches what appears to be an EEOC Intake Questionnaire dated July 20, 2017. (Dkt. No. 91 ("Opposition") at 43.)[12] That questionnaire includes a section titled "I believe that I was discriminated against by the following organization(s): (Check those that apply)." (*Id.*) Austin appears to have checked the "Employer" box and left the "Union" box blank. (*Id.*) He also names "City of Oakland, Public Works, and Oakland Police Dept." as the specific organizations that have engaged in the alleged discrimination, but does not include SEIU or any reference thereto. (*Id.*)

Because Austin's *third* amended complaint has failed to state a claim of racial discrimination against the City or SEIU, and because the TAC does not show that the Court has

---

[11] Plaintiff appears to include allegations that the City has engaged in "discrimination against its minority employees . . . as far back as twenty years . . . .") (TAC at 67.)

[12] For clarity, all citations to plaintiff's Opposition refer to ECF pagination.

7

subject matter jurisdiction over the claim against SEIU, the Court **GRANTS** defendants' motions to dismiss and **DISMISSES WITH PREJUDICE** plaintiff's claim of racial discrimination against the City and SEIU.

### B. All Other Claims

With respect to Austin's remaining claims, for the reasons stated in the Court's May 30th Order, the Court reaffirms its previous decision and **GRANTS** defendants' motions to dismiss and **DISMISSES WITH PREJUDICE** all remaining claims. [13]

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** defendants' motions to dismiss and **DISMISSES WITH PREJUDICE** plaintiff's TAC.

This Order terminates Docket Numbers 87, 88.

The Clerk of the Court shall close the file in this action.

**IT IS SO ORDERED.**

Dated: September 12, 2018

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[13] The Court previously dismissed each of Austin's remaining claims: (1) under Title VII and the ADA against the Individual Defendants (*see* May 30th Order at 6); (2) for gender discrimination under Title VII against the City and SEIU (*see id.* at 8-10); (3) for hostile work environment due to sexual harassment under Title VII against the City and SEIU (*see id.* at 11-12); (4) for failure to provide a reasonable accommodation under the ADA against the City and SEIU (*see id.* at 12-14); and (5) for retaliation for seeking reasonable accommodation under the ADA against the City and SEIU (*see id.* 14-16).